R. M. STINSON & CO. v. GODBE, CITY TREASURER.

No. 3117.   Decided January 24, 1918.   (170 Pac. 782.)

1. MUNICIPAL CORPORATIONS—PAVING WARRANTS—INTEREST—WHEN
   DUE. Under Laws 1909, c. 41, and Revised Ordinances of Salt Lake
   City 1913, section 1155, providing that interest be paid on paving
   warrants at the time each installment is due, but that more than
   one installment can be paid on the day when one falls due, where
   several installments were paid at the same time, the interest on
   the remainder must be paid, nevertheless, on each date that the
   prepaid installments would have fallen due had they not been paid,
   and the warrant holder need not wait until the next unpaid install-
   ment falls due. (Page 348.)

2. MUNICIPAL CORPORATIONS — STATUTES — CONSTRUCTION — PAVING WARRANTS. It is a matter of common knowledge that all municipal, state, and national bonds or other evidences of indebtedness draw interest payable annually or semiannually, and this should be considered in arriving at the intention of the Legislature and a city commission in issuing installment warrants for paving. (Page 348.)

3. MUNICIPAL CORPORATIONS — PAVING WARRANTS — INTEREST — PAYMENT—EVIDENCE OF PAYMENT. That a city might have difficulty in obtaining evidence of the payment of interest on paving warrants does not affect the right of a holder to have interest paid when due. (Page 349.)

Appeal from District Court of Salt Lake County, Third District; *Hon. H. M. Stephens,* Judge.

Mandamus by R. M. Stinson & Co., a copartnership, to compel Frank Godbe, City Treasurer of Salt Lake City, to issue a warrant for the payment of interest on paving warrants.

Judgment granting the writ. Defendant appeals.

AFFIRMED.

*H. J. Dinninny,* City Attorney, and *Wm. H. Folland* and *Moses Davis,* Asst. City Attys., for appellant.

*Van Cott, Allison & Riter* for respondent.

GIDEON, J.

Plaintiff, a copartnership, is the owner of certain city warrants of Salt Lake City, Utah, issued to one J. W. Mellen, contractor, for the placing of concrete and asphalt paving in four different districts of said city designated respectively as paving extension No. 93, paving extension No. 98, paving extension No. 87, and paving extension No. 75. A determination of the questions involved in this appeal relating to the warrants issued for work done in any one of such paving extensions will be decisive of all. We shall therefore confine

this opinion to the facts respecting paving extension No. 93 alone.

The warrants in question were issued in payment for local improvements, and the taxes levied are known as special assessments; that is the funds are to be collected from owners of property abutting on the streets where the improvements were made by local assessments. It appears that on November 17, 1914, an ordinance was passed by the city commission of Salt Lake levying a special tax on the property in paving extension No. 93 for the payment of the warrant issued to the contractor; that the ordinance became effective November 20, 1914, and thereafter an additional ordinance was passed confirming such special tax. That ordinance became effective, by its terms, December 10, 1914. The total cost of the improvement in such district was $25,000, and was payable in ten equal yearly installments. The first installment was due December 10, 1915. On that date installments Nos. 1, 2, 3, and 4, together with interest for one year on the whole sum of $25,000 at six per cent., were paid. On December 10, 1916, plaintiff demanded of defendant the interest on the remaining and unpaid portion of the warrant for one year at six per cent. Payment of such interest was refused. It is contended by appellant, defendant below, that no other or additional interest is due and payable until the end of the fifth year, that is, until the fifth installment of one-tenth of the full amount becomes due.

The plaintiff filed a petition in the district court of Salt Lake County asking for a mandate compelling the defendant, as treasurer of Salt Lake City, to issue the city's warrant on the fund collected from the assessment levied in this particular paving extension for the payment of the yearly interest on all the unpaid portion of the warrant. Defendant demurred to that petition. The demurrer having been overruled, an answer was filed admitting practically all of the allegations of the petition. Upon motion of the plaintiff the court issued a peremptory writ requiring defendant to make such payment. From that order the defendant appeals to this court.

It is conceded in appellant's brief that:

"There is no question arising as to the validity of the warrants issued. The appellant admits that the procedure leading up to and including the issuance of said warrants is legal in every respect and that such warrants, with interest at the rate of six per cent. per annum, are to be paid according to their tenor."

Again, in appellant's reply brief the same statement, in effect, appears. The sole and only question to be determined by this court, therefore, is whether, under the facts above stated, respondent can require the payment of the interest yearly, or is obliged to wait until the next installment becomes due, namely, the end of the fifth year, before any additional interest can be collected.

The provisions of the statute (chapter 41, Laws Utah 1909), fixing the time when special tax warrants shall become due and payable, are as follows:

"If issued on account of paving improvements; in ten equal yearly installments. * * * Said warrants shall indicate the time when each installment is due, and provide that interest at the rate of six per cent. per annum on the whole sum unpaid shall be due and payable at the time each installment is due, and that in case of failure to pay any installment at the time the same is payable, the unpaid principal due at said time shall draw interest at the rate of eight per cent. per annum, and that one or more installments in the order in which they are payable, or the whole warrant, may be paid on the day any installment becomes due by paying the amount thereof and interest to date of payment."

Section 1155 of the Revised Ordinances of Salt Lake City 1913, relating to the date of payment of the warrants issued for such local improvements, is practically the same as the statute above quoted. It reads:

"All special tax warrants shall be due and payable as follows: If issued on account of paving improvement, in ten equal installments. * * * Said warrants shall indicate the time when each installment is due, and provide that interest at the rate of six per cent. per annum on the whole sum

unpaid shall be due and payable at the time each installment is due, and in case of failure to pay any installment at the time the same is payable, the unpaid principal due at said time shall draw interest at the rate of eight per cent. per annum and that one or more installments, in the order in which they are payable, or the whole warrant, may be paid on the day any installment becomes due, by paying the amount thereof and interest to date of payment.''

It is provided in the contracts made with Salt Lake City for the improvements in such extensions or districts, after providing for the approval of the work by the city engineer and the issuing of coupon warrants drawn by the city auditor on the city treasurer, as follows:

''That said warrants shall indicate the time when each installment of the warrant is due, and provide that interest at the rate of six per cent. per annum on the whole sum unpaid shall be due and payable at the time each installment is due, and that in case of failure to pay any installment at the time the same is payable, the unpaid principal due at said time shall draw interest at the rate of eight per cent. per annum, and that one or more installments in the order in which they are payable, or the whole warrant may be paid on the day any installment becomes due, by paying the amount thereof and interest to the date of payment.''

The warrants themselves provide:

''Interest at the rate of six per cent. per annum on the whole sum unpaid shall be due and payable with each installment.''

It is contended by appellant, that, from the foregoing record, interest on the remaining and unpaid portion of the warrant is not due until the end of the fifth year, or until the next installment of one-tenth of the principal is due and payable; that the statute wherein it is provided that ''interest at the rate of six per cent. per annum on the whole sum unpaid shall be due and payable at the time each installment is due,'' does not entitle the plaintiff, or the holder of such warrant, to require the payment of interest until such time as the next installment is payable.

In our judgment neither the statute, nor the ordinance, nor

the contract, nor the warrant itself, is capable of such construction. The statute does not say that the interest shall be due and payable at the date the installment is paid, but that it shall be due and payable at the time when each installment is due. The fact that the city was fortunate in collecting sufficient taxes during the first year to enable it to redeem not only the installment due at the end of that year but three subsequent installments as well can in no way affect the contract, and would in no way affect or change the date when each installment becomes due. In other words, it seems to us that the defendant has confused the word "due" with the word "paid." The statute will not bear the construction placed upon it by appellant. The intent of its provisions and all of its parts may readily be brought into harmony. It is not necessary to resort to other aid or language for its construction.

In addition, the statute, the ordinance, and the contract must be read and construed in connection with the almost universal rule and method of transacting business prevailing in this state relative to the issuance of bonds or other municipal indebtedness by cities and counties. It is a matter of common knowledge that all municipal, state, and national bonds or other evidences of indebtedness draw interest payable either annually or semiannually, and that well-established and almost universal method of transacting such business must be considered in constructing and in attempting to arrive at the intention of the Legislature and the city commission in authorizing and issuing the warrants in question in this case. It can easily be seen what the effect upon the sale of warrants of this nature would be should it be determined by this court (as a legal proposition) that any one investing money in such securities could not have the assurance that the interest on the unpaid principal could be demanded and would be paid at some regular and definite dates. In other words, it is quite likely that parties investing in these warrants rely upon the annual income or interest for their support, and to hold that the owner is compelled to wait for a period of five years before receiving interest on the un-

paid principal would, in effect, destroy the market or ability of contractors to sell such warrants, and in that way would, of necessity, make the expense and cost of public improvements much greater to the property owners than they now are.

Some point is made that, in view of the fact that each attached coupon represents the amount of one yearly installment, the city treasurer cannot compel the surrender of any coupon not yet due, and therefore the evidence of the obligation for interest will still be outstanding and might pass by sale or transfer into the hands of other parties who could rightfully make claim against the appellant, or his successor, for said interest so paid. It cannot be doubted that whenever any payment is made, the evidence of such payment should be indorsed upon the outstanding warrant so as to notify any subsequent purchaser of each payment. Undoubtedly the appellant has the right to see and know that the necessary indorsements are made upon each warrant when the annual interest is paid. The difficulty of obtaining evidence, however, of the payment can in no way affect the rights of respondent to have interest paid when due.

As indicated above, there is no question presented in this case of the legality of the warrants. Neither is there any question as to whether the appellant, as city treasurer, has in his hands sufficient funds belonging to the particular paving extensions from which the interest demanded can be paid.

It follows that the judgment of the district court must be affirmed. Such is the order. Respondent to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.